IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANNIE HAMILTON BROWN, | ) | CASE NO. 16-30688-DHW |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
[Internal Revenue Service]

Comes now the United States of America, by and through George L. Beck, Jr., United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service) to object to Confirmation of the Debtor's Chapter 13 Plan, and as grounds states as follows:

1. On March 15, 2016, Debtor filed for Chapter 13 relief. Debtor's Plan is set for confirmation in Montgomery, Alabama on June 13, 2016. [Docs. 1, 7].

2. On March 23, 2016, the Service filed a Proof of Claim, for a total amount of $81,866.23 of which $72,338.44 was classified as unsecured priority, and $9,527.79 was classified as unsecured general. [Claim 1-1].

3. Debtor's current Plan [Doc. 2] proposes to direct pay the Service's priority claim for tax year 2013 in the amount of $32,000.00. The Service objects to the less than full payment of the priority claim. Further, the Service objects to direct payment and requests that the plan provide for equal monthly payments to the Trustee to amortize the full priority debt to the Service.

4. The priority claims of the United States must be paid in full in a Chapter 13 case unless it agrees to contrary treatment. 11 U.S.C. §§ 1322(a)(2); 1325(a)(1); In re Morgan, 182 F.3d 775, 777 (11th Cir. 1999); In re Escobedo, 28 F.3d 34, 35 (7th Cir. 1994);

Ekke v. United States, 133 B.R. 450, 452-53 (S.D. Ill, 1991)(Revocation of confirmation affirmed as plan did not provide for full payment of priority claim); In re Jackson, 189 B.R. 206, 211 (Bankr. M.D. Ala, 1994). As the statute uses the word "agree", only an express agreement by the priority creditor allows a Court to confirm a plan with less than full payment. In re Ferguson, 26 B.R. 672, 673 (Bankr. S.D. Ohio, 1982).

     5.    Debtor has not presented sufficient reason for the Court to require the Service to accept direct payment. "Deviation from the normal periodic payments to the trustee and disbursal of those payments by the trustee should only be departed from when the debtor can demonstrate a significant reason for doing so." In re Gregory, 143 B.R. 424, 427 (Bankr. E.D. Tex. 1992). "Though a creditor does not possess an absolute veto power against a debtor acting as the disbursing agent for its claim, its position on that issue is highly influential since an affected creditor generally has the right to enjoy the benefits and protections arising from the trustee's statutory duty to ensure that payments are made under the plan and otherwise to ensure that the plan is properly executed." In re Sanford, 390 B.R. 873 (Bankr. E.D. Tex. 2008).

     WHEREFORE, the United States prays that this Court withhold confirmation of the Debtor's Chapter 13 Plan until the plan is amended to provide for full payment of the priority claim of the Service through the Chapter 13 Trustee, pursuant to Title 11 U.S.C. §1322(a)(2).

Respectfully submitted this the 18th day of April, 2016.

                                                        GEORGE L. BECK, JR.
                                                        UNITED STATES ATTORNEY

                                                        /s/DeAnne M. Calhoon
                                                        DeAnne M. Calhoon (CAL065)
                                                        Special Assistant U.S. Attorney
                                                        DeeDee.Calhoon@usdoj.gov

U.S. Attorney's Office
Middle District of Alabama
P.O. Box 197
Montgomery, AL 36101
Telephone: 334-551-1714
Facsimile: 334-223-7201

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of April, 2016, I served a copy of the foregoing document, Objection to Confirmation, on all parties listed below by the methods stated:

| | |
|---|---|
| Teresa Jacobs<br>U.S. Bankruptcy Administrator<br>One Church Street<br>Montgomery, AL   36104<br>[electronic filing] | Richard D. Shinbaum<br>Shinbaum & Campbell<br>P.O. Box 201<br>Montgomery, AL 36101<br>[electronic filing] |
| Curtis C. Reding<br>Chapter 13 Trustee<br>P.O. Box 173<br>Montgomery, AL 36101<br>[electronic filing] | Annie Hamilton Brown<br>162 Reeves Drive<br>Hayneville, AL 36040<br>[United States Postal Service] |

                                                        /s/DeAnne M. Calhoon
                                                        DeAnne M. Calhoon
                                                        Special Assistant U.S. Attorney