**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

IN RE:

ANNIE HAMILTON BROWN
SSAN:  XXX-XX-2663

Case No. 16-30688-DHW
Chapter 13

Debtor(s)

## TRUSTEE'S OBJECTION TO CONFIRMATION

COMES NOW, the Trustee, by and through the undersigned counsel, and pursuant to 11 U.S.C. §1325 objects to confirmation of the debtor(s)' plan as filed. As grounds for said objection, the Trustee states as follows:

1.  The debtor(s) filed a petition seeking relief under Chapter 13 of the United States Bankruptcy Code on  March 15, 2016.

2.  The debtor(s) §341 Meeting of Creditors was held  April 28, 2016.

(**X**) The Trustee has not received the debtors' tax returns as required by 11 U.S.C. § 521.

(**X**) The plan fails to meet the disposable income test.  Please review this case and  amend the plan to meet the disposable income test as discussed at the 341.

(**X**) The debtors' plan fails to meet the best interest of creditors test as discussed at the 341.

(**X**) Plan fails to provide for lawsuit listed on Schedule B, Statement of Financial Affairs, or that was disclosed to the Trustee at the 341.

(**X**) The following creditor was not listed in the debtor's schedules but filed their claim as priority or secured.  The debtor's plan fails to make provisions for this claim:

Creditor: JPMORGAN CHASE BANK NA
Trustee's Claim Number: 14
Account Number: 3942 - NO PROV
Claim Amount: $11.89
Court Claim Number: 11
Claim Filed As: ARREARS

(**X**) The debtor testified at the §341 meeting of creditors that she has a cause of action as a result of a motor vehicle collision.  This cause of action is not listed in the schedules and is not provided for in the plan. .

**(X)** The debtor's plan proposes to pay the IRS direct which will not provide for their full payment over the life of the plan. The Trustee requested the debtor provide a copy of the agreement she has with the IRS to accept less than full payment over the life of the plan. The IRS has subsequently filed an objection to confirmation in this case objecting to their treatment in the plan. The plan fails to meet the requirements of §1322..

**(X)** The debtor has taken several expenses on 122C which are not allowable deductions, depending on the outcome of some plan issues in this case. First, the debtor has taken a transportation deduction which not allowable on Line 13c. The debtor is also taking deductions at Lines 35 and 33d which are at this time not expenses that are actually paid by this debtor. This portion of the objection regarding Line 35 may be subject to change depending on the outcome of the IRS and Trustee objections regarding the debtor's proposed plan treatment of the IRS.

WHEREFORE, the above premises considered, Trustee objects to confirmation of the debtors' plan and requests that either confirmation be denied or the case be continued until such time as the above referenced issues have been resolved.

Respectfully submitted this June 20, 2016.

Office of the Chapter 13 Trustee
P. O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: mckinneys@ch13mdal.com

Curtis C. Reding
Chapter 13 Trustee


By:/s/ *Sabrina L. McKinney*
_____
Sabrina L. McKinney

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have served copies of the foregoing Trustee's Objection to Confirmation on the parties listed below by either electronic mail or by placing same in the U.S. Mail, postage prepaid and properly addressed this June 20, 2016.

Copy to: DEBTOR(S)
RICHARD D SHINBAUM

/s/ *Sabrina L. McKinney*
_____
Sabrina L. McKinney