The relief described hereinbelow is SO ORDERED

Done this 19th day of December, 2016.



**Dwight H. Williams, Jr.**
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY

| | |
|---|---|
| IN RE:<br><br>**ANNIE HAMILTON BROWN**<br><br>**DEBTOR.** | **CASE NO: 16-30688** |

### AMENDED ORDER CONDITIONALLY DENYING MOTION FOR RELIEF FROM STAYAND PROVIDING ADEQUATE PROTECTION AS TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

This matter coming on to be heard upon the Motion For Relief From Stay or in the

Alternative Motion for Adequate Protection filed by JPMorgan Chase Bank, National

Association and the Court being informed that the Debtor, and JPMorgan Chase Bank, National

Association have reached an agreement. The Court having reviewed the pleadings, having

considered the stipulations of counsel and having considered all other admissible evidence, it is, hereby, ORDERED, ADJUDGED AND DECREED as follows:

1. The Motion For Relief From Stay is CONDITIONALLY DENIED as to any arrearage due in connection with the mortgage involved through the month of August 2016, subject to the further provisions of this Order.

2. The post-petition arrearage owed to JPMorgan Chase Bank, National Association through the month of August 2016, in the amount of $2,854.57 shall be added to the Plan and shall be paid by the Trustee upon the filing of a Proof of Claim. The following is a breakdown of the arrearage to be added to the Plan:

    | | |
    |---|---|
    | 6 payments @ $477.51 each 5/1/2016- 10/1/2016 | $2,865.06 |
    | Bky Atty Fee | $0.00 |
    | Court Cost | $0.00 |
    | Less Suspense | $(10.49) |
    | Total | $2,854.57 |

3. The plan payments are increased to $174.00 biweekly and the specified payment on the claim is $55.00.

4. As adequate protection, Debtor shall resume the regular consecutive monthly payments in the amount of $477.51 beginning with the payment due November 1, 2016. Said payments shall be paid directly by the Debtor to JPMorgan Chase Bank, National Association.

5. The Automatic Stay is hereby MODIFIED to the extent that should the Debtor fail to maintain such full monthly payments then twenty (20) days after the mailing of written notice by JPMorgan Chase Bank, National Association to Debtor, Debtor's attorney and

Trustee regarding such default, and such default continuing past such twenty (20) day period, JPMorgan Chase Bank, National Association may proceed with the foreclosure of the real property in accordance with the terms of its mortgage and the Alabama Code without further order of this Court and shall thereafter amend its claim for the unsecured deficiency which may thereafter remain.

6. In the event the automatic stay is terminated pursuant to the terms of this Order, JPMorgan Chase Bank, National Association shall not be required to file a Notice of Mortgage Payment Change, Fee Notice and/or a response to the Trustee's Notice of Final Cure as contemplated by Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

7. Bankruptcy Rule 3001(c)(2)(C), as amended, is not applicable to the Supplemental Proof of Claim to be filed in connection with this Order and JPMorgan Chase Bank, National Association shall not be required to file an escrow account statement as of the date of the bankruptcy filing if one has not previously been filed.

8. In the event the automatic stay is terminated pursuant to the terms of this Order, Bankruptcy Rule 4001(a)(3) shall not apply and the Creditor may proceed immediately with foreclosure.

<u>Order consented by:</u>
Sabrina L. McKinney
Acting Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101

Sabrina L. McKinney
Acting Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101
(334)262-8371

Order prepared by:
Helen Ball
Shapiro and Ingle, LLP
704-333-8107
File No: 16-009458

**END OF DOCUMENT**